**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN EUGENE LEPLEY, | No. 20-16918 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02848-RFB-DJA |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted January 19, 2022**

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Brian Eugene Lepley appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

claims arising from a disciplinary hearing.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal for failure to state a claim under Federal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We reverse and remand.

The district court dismissed Lepley's due process claim on the ground that Lepley failed to allege facts sufficient to show that defendant hearing officer Dugan did not afford him all of the process that he was due at his disciplinary hearing finding him guilty of unauthorized use of the prison's mail system. However, Lepley alleged that during the disciplinary hearing, Dugan did not permit Lepley to question Lepley's sole witness or hear his witness's responses to Dugan's questions. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements in prison disciplinary proceedings, including a prisoner's right to call witnesses and present documentary evidence in their own defense); *Hebbe*, 627 F.3d at 342 (courts have an obligation to construe pro se pleadings liberally and to afford the petitioner the benefit of any doubt (citation and internal quotation marks omitted)); *cf. Mitchell v. Dupnik*, 75 F.3d 517, 525-26 (9th Cir. 1996) (holding that a prison's blanket denial of live witnesses, instead relying exclusively on written questions and remote witness interviews, violated due process).

**REVERSED and REMANDED.**

20-16918